FILED
DEC 0 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER JON RUSTON, #26834-177 MEDICAL CTR. FOR FEDERAL PRISONERS    Plaintiff, P.O.B. 4000 SPRINGFIELD, MO. 65801 | § § § § | |
| vs. | § | CIVIL ACTION NO. _____ |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | § § | JURY TRIAL DEMANDED CASE NUMBER 1:05CV02314 |
| Defendants, | § | JUDGE: Ricardo M. Urbina DECK TYPE: FOIA/Privacy Act DATE STAMP: 12/01/2005 |

PRELIMINARY STATEMENT:

This is a civil action filed pursuant to Title 5 U.S.C. § 552(A)(4)(B) for Judicial Review of the denial of information requested by Plaintiff under the Freedom of Information Act, Title 5 U.S.C. § 552 & 552(a).

JURISDICTION:

1. The Court has jurisdiction over the Plaintiff's claims pursuant to Title 5 U.S.C. § 552(A)(4)(B) and Title 28 U.S.C. § 1331(a) and 1343.

2. The Court has supplemental jurisdiciton over this matter pursuant to Title 28 U.S.C. § 1332 "diversity of jurisdiction".

PARTIES:

3. The Plaintiff, Lester Jon Ruston, is a civil detainee, currently held at the Medical Center for Federal Prisoners in Springfield, Missouri (see In Re Ruston, 05-5347 D.C. Circuit Court). Plaintiff is not a "prisoner" within the definition of the PLRA, see **Perkins v. Hedrick, 340 F.3d 582, 583** and has been granted such in Ruston v. United States, Case 05-3304-CV-S-RED-P in Western District of Missouri, Southern Division.

4. Defendant's are a governmental sub-division of the United States of America, sued in their individual and official capacities, who may be served with process at 1200 Pennsylvania Ave. N.W., Washington, D.C. 20226.

RECEIVED
NOV 18 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

FACTS:

5. That the Plaintiff duly and legally filed a request for information from the Defendant's, request number 05-1379. Said request was denied by the Defendant's.

6. That Plaintiff appealled said denial to the Office of Information and Privacy and a Richard L. Huff ruled to affirm the denial of said information, in Appeal No. 05-2640 (see exhibits attached herein).

7. Plaintiff petitions for Judicial Review of this decision as Plaintiff has requested records of an alleged "staff" member of the Dallas Bureau of the ATF named Joanna Shropshire, who has engaged in criminal activity against the Plaintiff. This information is **not** part of any "investigatory file" as stated by the Defendants. Shropshire "stalked" Plaintiff and filed false police reports against the Plaintiff while allegedly in the employ of the AFT in Dallas. Further, Shropshire may be engaged in a conspiracy to commit attempted murder, misappropriation of taxpayers funds and multiple other State of Texas and Federal crimes. A government employee engaged in criminal activity has no reasonable expectation of "privacy", as stated by Defendants. Further, there exists an overriding public interest in this information as deaths have resulted from the alleged conspiracy and all other attempts to gain this evidence and information have been denied the Plaintiff. Said "facts" are public record in Plano I.S.D. v. Ruston, 380-786-98, District Court 380, Collin County, Texas. Plaintiff alleges Shropshire was "planted" at 4804 Haverwood Lane #921, Dallas, Texas 75287 by Plano Independent School District to engage in criminal activity. Evidence of her false police reports are in the possession of the Dallas F.B.I. and copies of the false police reports were provided to the Plaintiff by the Dallas Police Department, Lt. Larry Wesson.

8. Plaintiff seeks appointment of "Special Counsel", pursuant to Title 5 U.S.C. § 552(A)(4)(F), as conspiracy to obstruct justice is a criminal violation of Title 18 U.S.C. § 2. Further, conspiracy to defraud the United States Government is a

criminal violation of Title 18 U.S.C. § 371 and conspiracy to aid and abett State of Texas crimes, i.e. "stalking" and "filing false police reports" violates Title 18 U.S.C. § 1511.

REQUEST FOR RELIEF:

9. Wherefore, Plaintiff does request that the Honorable Court issue an "order" to the Defendant's to produce said evidence of all records, including any employment files of a staff member named Joanna Shropshire to the Plaintiff, appoint "Special Counsel", pursuant to Title 5 U.S.C. § 552(A)(4)(F), upon a finding of good cause and to grant such further relief as the Court shall deem appropriate.

10. Further, Plaintiff does seek $1,000.00 in fees for all costs associated with said litigation, postage and all research time involved in obtaining this information.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon the office of the Clerk of the Court on this 18th day of November, 2005, by regular U.S. Mail. Plaintiff is an indigent inmate and requests assistance with service as such, pursuant to the Fed.R.Civ.P.

Lester Jon Ruston

EXHIBIT "A"

RUSTON V. ATF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the office of the Clerk of the Court on this 8th day of October, 2005, by regular U.S. Mail. I am an indigent inmate and request assistance with service in this matter.

RETURN TO SENDER 10-12-05

RETURNED TO COURT 10-16-05

Lester Jon Ruston

## AFFIDAVIT

My name is Lester Jon Ruston. I am over the age of 18 and am competent to make the following declaration. I am the requester in Request No. 05-1379 to the Bureau of Alcohol, Tobacco, Firearms and Explosives. Affiant is the appellant in appeal no. 05-2640 to the Office of Information and Privacy.

Richard L. Huff of the O.I.P. has ruled to affirm their refusal to confirm or deny the existence of records on an employee named Joanna Shropshire, last known address 4804 Haverwood Lane #921, Dallas, Texas 75287 as of May 1998. Affiant lived in apartment #912 during this time at the same street address.

Affiant has evidence and probable cause to believe Shropshire was "planted" in this apartment to "stalk" the Affiant by Keith Sockwell V, the former Deputy Superintendent of the Plano Independent School District in retaliation for complaints filed against their staff by Affiant and to attempt to "blackmail" Affiant, the modus operandi of Sockwell.

Affiant is a skilled and trained private investigator and works with the Dallas Police Department on a regular basis. The Dallas Police Department have provided Affiant evidence to two false police reports made during May of 1998 by Shropshire, shortly before she quickly moved out of these apartments. Her move followed Affiant's allegations to Sockwell that he had planted her in apartment to "stalk" and "spy" on him.

Copies of her false police reports were given to F.B.I. Special Agent E. Danielle Aleman of the Dallas Bureau, along with a complaint for "stalking" and "conspiracy" with Sockwell. Affiant found Shropshire in a parking lot with a male accomplice, her "roomate" at which time she was wearing an "ATF" T-shirt.

Affiant contacted the ATF's Dallas Office and asked if they had an employee by this name. A switchboard operator confirmed that they had a "secretary" by this name listed.

All allegations of fact contained herein are true and correct, a matter of State and Federal records, sworn to under penalty of perjury with affiant's signature affixed pursuant to Title 28 U.S.C. § 1746. Further, Affiant sayeth naught:

Lester Jon Ruston-Declarant

**05 2314**

**FILED**

DEC 0 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**

EXHIBIT "B" RUSTON V. ATF

Bureau of Alcohol, Tobacco, Firearms and Explosives

---

JUL 26 2005

Washington, DC 20226
www.atf.gov

100060-JMP

Mr. Lester J. Ruston
Reg. No. #26834-177
F.C.I. Springfield
P.O. Box 4000
Springfield, MO 65801

Dear Mr. Ruston:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on July 25, 2005, and has been assigned number 05-1379; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

*April Sands*

April Sands
Disclosure Assistant

05 2314
FILED

DEC 01 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT "C" RUSTON V. ATF

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

AUG -8 2005

Washington, DC 20226
www.atf.gov

REFER TO: 05-1379:JMP
100060

Mr. Lester Jon Ruston
Reg. No. 26834-177
Federal Correctional Institution
 Springfield
Post Office Box 4000
Springfield, Missouri 65801-4000

Dear Mr. Ruston:

This letter is in response to your Freedom of Information Act (FOIA) request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) regarding Ms. Joanna Shropshire.

The Privacy Act, Title 5 U.S.C. 552a, prohibits a Federal agency from releasing an individual's privacy act record to a third party requester without prior written consent from the subject of the record. Furthermore, the mere fact that an individual's name may be mentioned in an investigatory file could carry stigmatizing implications that could reasonably be expected to cause unwarranted invasion of personal privacy. Therefore, unless the subject of record is deceased or provides a waiver of privacy rights we are denying your request by using the "Glomarization" response under FOIA exemption (b)(7)(C) – refusing to either confirm or deny that records exist on the individual you have named. Consequently, your request is denied.

However, if you provide proof of death or written notarized authorization from the subject of the record, we will initiate a search for records.

If you deem this response to be a denial, you have the right to appeal by writing to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001. Your letter must be received within 60 days from the date of this letter, indicate that your appeal concerns ATF records, and include the "REFER TO" number that appears at the upper right of this letter. Your letter of appeal should state any arguments in support thereof.

Sincerely,

Jessie M. Price
Disclosure Specialist

05 2314
FILED

DEC 0 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT "D" RUSTON V. ATF

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

SEP 26 2005

Mr. Les J. Ruston
Register No. 26834-177
Federal Medical Center              Re:  Appeal No. 05-2640
Post Office Box 4000                     Request No. 05-1379
Springfield, MO  65801                   RLH:KAM

Dear Mr. Ruston:

    You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms and Explosives on your request for access to records concerning Joanna Shropshire.

    After carefully considering your appeal, I have decided to affirm the action of the ATF in refusing to confirm or deny the existence of the records you requested. Without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C).

    If you are dissatisfied with my action on this appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

Complaint, The District Court of The U.S.
D.C.
    Mailed out 10-4-05
    D.C. Circuit

05 2314
**FILED**

DEC 0 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT