UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON, §
　　　　Plaintiff, §
v. § Civil Action No. 05-2314 (RMU)
BUREAU OF ALCOHOL, TOBACCO, §
FIREARMS AND EXPLOSIVES, §
　　　　Defendant. §

## TRAVERSE

The Defendant, on or about January 3, 2006, filed an "answer" to the complaint. Plaintiff respectfully files this Traverse to their "answer".

The Plaintiff did, indeed, state a meritorious claim, pursuant to 5 U.S.C. § 552(a)(4)(B), in which relief can be granted.

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) are the party that has stated they refuse to confirm or deny the existence of the records requested and are part of the Justice Department, as clearly admitted to by the Defendants.

Plaintiff did properly state a proper party defendant.

In paragraph one of the Defendant's answer, they deny jurisdiction, without citing any authority. Their denial is vague and causes confusion.

In paragraph two of the Defendant's "answer", they again deny jurisdiction without citing any authority. Their answer is vague and causes confusion.

In paragraph three, the Defendant's deny "for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted", without providing the Court with any evidence of "due diligence" to research the allegations or any proof to the Court which disputes the "truth" they deny. Said "proof" is easily substantiated through "discovery" and due diligence.

In paragraph four, Defendants admit that the ATF is a component of the United States Department of Justice, whom denied Plaintiff's request for information, giving rise to this litigation

In paragraph five, Defendant's admit to receipt of a request for any records for "Joanna Shropshire" as an employee of the Dallas Office of the ATF, and not "criminal" records as falsely stated by the Defendant's, to obstruct the issues presented here.

In paragraph six, the Defendant's once again issue a general "denial" to obstruct the "fact" that Plaintiff seeks confirmation of employment records and not "criminal records", as falsely stated in Exhibits "C" and "D". Said denial has caused confusion and appears facially to be an attempt by the Defendants to obstruct justice.

In paragraph seven, the Defendant continues to claim "denial" due to "lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted". Plaintiff presents "Exhibit E" to the Court, evidence from District Court 380, Collin County, Texas in the matter Plano I.S.D. v. Ruston, 380-786-98, which is "public record", which clearly shows a criminal conspiracy to violate the Texas Health and Safety Code by an unlawful civil commitment of Plaintiff to the Wichita Falls State Hospital, in part, to Plaintiff's statements regarding Joanna Shropshire, i.e. "her shirt said ATF". Further evidence of this crime and proof of said crime caused by the acts of Shropshire are public record in IN RE RUSTON 05-5347 D.C. Circuit Court which clearly shows this civil commitment was fraudulent, as stated by State of Texas MHMR Attorney Tom McClure of Austin, Texas, in writing, and the reports of four psychiatrists and psychologists that state Plaintiff has "no mental illness", on the record. The Defendant's have slandered and libeled the Plaintiff in this answer by asserting his presence at the Medical Center for Federal Prisoners in Springfield, Missouri impeaches "facts" which are easily substantiated by due diligence. Further, Plaintiff's custody in Springfield is illegal, which is public record in Ruston v. United States, 05-3243-CV-S-RED-P in the Western District of Missouri, Southern Division. All "denials" by Defendants in paragraph seven are without one scintilla of evidence in support of said denial.

In paragraph eight, the "denial" of Plaintiff's meritorious request for appointment of "Special Counsel" is without any evidence in support of said "denial". The very "denial" is just cause for an argument of willful obstruction of justice by the Defendants, which justify the request for "Special Counsel", which is supported by statutory law which a reasonable person should know. Shropshire's alleged crimes are violations of Title 18 U.S.C. § 241, if proved.

In paragraph's nine and ten, the Defendants continue to "deny" without any evidence or citing any authority, which is vague and causes confusion and appears to be to purposefully obstruct justice in the allegations articulated by the Plaintiff.

WHEREFORE, Plaintiff does respectfully file this TRAVERSE to the "answer" filed by the Defendants, and does move the Honorable Court to deny Defendants request that this action be dismissed, and allow Plaintiff to proceed on the merits. In the interest of justice, Plaintiff concedes that he has a right to file an "amended" complaint, pursuant to the Fed.R.Civ.P. and name the Justice Department as the Defendants if it so please the Honorable Court, his statutory right.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was provided to the clerk of the court and to Joshua T. Raines, Attorney/Advisor to Defendants on the 14th day of January, 2006, by regular U.S. Mail. Plaintiff is an indigent pre-trial detainee, and does request assistance with service as such, pursuant to Fed.R.Civ.Pro.

Lester Jon Ruston

Joshua T. Raines
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001
(202) 307-3997

-4-

EXHIBIT E RUSTON V. ATF 05-2314 RMU PUBLIC RECORD PLANO I.S.D. V. RUSTON 380-786-98 DISTRICT COURT 380 AND IN RE RUSTON 05-5347 D.C. CIRCUIT COURT

Case 1:05-cv-02314-RMU   Document 10   Filed 01/12/2006   Page 5 of 5

COLLIN COUNTY, TEXAS

FORM 633 ADDENDUM – PHYSICIANS CERTIFICATE OF EXAMINATION

NAME: LES RUSTON

AGE 41  RACE Cauc.  SEX M  DOB 9-17-57

1. On or about 2/4/99 the above named person said the following:
   a. "Her T-shirt said ATF"
   b. PISD is into Bribery
   c. [illegible/redacted]
   d. [illegible/redacted]

2. On or about 2/4/99 the above named person committed the following acts:
   a.
   b.
   c.
   d.

   "This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CFR [Part 2]) prohibit you from making further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

3. The mental status examination reveals the following:
   a. Easily agitated, alternating moods of elation +
   b. sadness, labile affect. Intrusiveness.
   c. ideas of reference + paranoid + grandiose
   d. delusions. Hyperreligiosity, pressured talk with flight of ideas

4. Comments: This pt is very intelligent and tries to defend rigidly against the idea he's mentally ill. However, the abnormalities in his mental state are obvious. Given his resistance, he is best treated in the structured + controlled setting of the hospital.

5. The number of previous psychiatric hospitalizations 0

6. Item #1 and #2 were taken from the medical history as reported by applicant or other observer.

Date: 2/5/99

Name of person completing this form: A HARRIS