UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON, §
　　Plaintiff, §
　 §
vs. § Civil Action No. 05-2314 (RMU)
　 §
BUREAU OF ALCOHOL, TOBACCO, FIREARMS §
AND EXPLOSIVES, §
　　Defendant, §
　 §

JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Judicial Notice of Adjudicative Facts, pursuant to Rule 201(b) and (d) Fed.Rul.Civ.Pro., and would show the Honorable Court as follows:

I.

That on or about late 1997 or early 1998, Joanna Shropshire leased apartment #921 of 4804 Haverwood Lane, Dallas, Texas 75287 with an unknown caucasian male person. Joanna Shropshire filled out a lease application, which listed her "occupation" and place of employment, which would have to be "verified" for approval of her lease. Plaintiff is an expert witness in landlord/tenant law, and has represented Clayton Homes in legal matters in Texas Courts with regards to landlord/tenant law, on the record in multiple cases in the Municipal Court of the Colony, Texas, as Manager of Preston on the Lake, a manufactured housing "community" in Little Elm, Texas.

II.

In May of 1998, Plaintiff accused Keith Sockwell V, Deputy Superintendent of the Plano Independent School District of "planting" Shropshire in this apartment, to violate his right to privacy, utilizing District records. Sockwell had alreay hired the lawfirm of Abernathy, Roeder, Boyd & Joplin of McKinney, Texas to "defend" this District against discrimination charges filed against Katherine King of Plano I.S.D.

III.

That Plaintiff refused to meet with Sockwell in an "arranged" meeting, due to his refusal to allow the media and due to his allegation against Shropshire. Shropshire immediately moved out of apartment #921 and filed two false police reports against the Plaintiff. Said "false police" reports were provided to the Plaintiff, pursuant to the Texas Public Information Act by Lt. Larry Wesson of the Dallas Police Department. The telephone records of Shropshire will confirm the reports she made of "harassing" phone calls by Plaintiff were false. Plaintiff did not know her name or telephone number, nor are there any telephone records to substantiate this false allegation.

IV.

Plaintiff filed charges on Shropshire to the Dallas Police Department, Lt Bill Humphrey and his Detectives, and to Lt. Alan Bull. Further, Plaintiff filed conspiracy to invade privacy charges to Special Agent E. Danielle Aleman of the Dallas Bureau of the F.B.I. and provided her copies of the false police reports provided by Lt. Larry Wesson. Further, Plaintiff provided copies to the I.R.S.-Criminal Investigative Division located at 1100 Commerce Street, Dallas, Texas 75242 with accusations of conspiring to commit income tax evasion by Shropshire. Plaintiff was already working with these investigators on an investigation of David Hamilton, d.b.a. Jack Boles Services of Dallas, Texas for conspiracy to commit income tax evasion.

V.

Plaintiff moved out of his apartment and withdrew his son from Plano I.S.D. following Plano I.S.D. filing a fraudulent Petition for a Temporary and Permanent Restraining Order with the District Clerk of Collin County, a matter of "public record" in Plano I.S.D. v. Ruston, 380-786-98. Said filing was to obstruct justice in allegations by Plaintiff against Shropshire and violated Article 51.904 Texas Government Code as the petition filed by J. Timothy Brightman was fraudulent. Plaintiff has alleged a violation of Title 18 U.S.C. § 241.

VI.

Plaintiff viewed Shropshire and her male companion at a parking lot located at Trinity Mills and Marsh Lane, by the U.S. Navy recruiting office, where Plaintiff does volunteer recruiting for the U.S. Navy. Shropshire was wearing a T-Shirt which stated "ATF" on it. Collin County used this "fact" to falsely claim it was a "delusion" in an illegal civil commitment of Plaintiff to the Wichita Falls State Hospital, which is public record in EX-PARTE RUSTON W00-16497-A DISTRICT COURT 194 DALLAS COUNTY, TEXAS AND EX-PARTE RUSTON X05-1200-L CRIMINAL DISTRICT COURT #5 DALLAS COUNTY, TEXAS, and Ruston v. United States, 05-3243-CV-S-RED-P in the Western District of Missouri, Southern Division. Said crime against Plaintiff was a direct result of the action(s) of Joanna Shropshire.

VII.

Plaintiff contacted ATF offices in Dallas, and inquired as to the directory listing for an employee named Joanna Shropshire. The switchboard operator stated that she was employed as a "secretary" for the Dallas Office of the ATF. Said phone call is a matter of the telephone records of ATF in Dallas and the Suburban Lodge Motel, located in the 9300 Block of Forest Lane, leased by Plaintiff's girlfriend Leslie Young for the Plaintiff in late 1999 and early 2000.

VIII.

That Dallas and Collin County officials have been stalking and attempting to imprison Plaintiff to this filing as a direct result of Plaintiff's allegations with regards to Joanna Shropshire at a tremendous expense to the U.S. Taxpayers and in alleged violation of multiple State of Texas and Federal laws.

WHEREFORE, premises considered, Plaintiff does file this Judicial Notice of Adjudicative Facts, and does move the Honorable Court to make such a matter of record in this litigation, pursuant to Rule 201(b) and (d) Fed.Rul.Civ.Pro.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the office of the clerk of the court and to Joshua T. Raines on the 16th day of January, 2006, by regular U.S. Mail, pursuant to the Fed.Rul.Civ.P.

Lester Jon Ruston

Joshua T. Raines, Esq.
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, § | |
| Plaintiff, § | |
| v. § | Civil Action No. 05-2314 (RMU) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, § AND EXPLOSIVES, § | |
| Defendants, § | |

MOTION FOR SANCTIONS

Comes now, Plaintiff, and files this, his Motion for Sanctions, and would show the Honorable Court as follows:

I.

On or about January 3, 2006, the Defendant filed an "answer" in which they have requested all "costs" without providing one scintilla of evidence to substantiate any "due diligence" to present evidence to justify said "costs". The "answer" provided by the Defendant appears facially to merely "obstruct justice". Existing law demands this information be presented, in the overriding interest of the "general public", and the matter can easily be confirmed by an "in camera" inspection by the Honorable Court. Plaintiff's allegations are factual contentions supported by N.C.I.C. records easily substantiated as well as all "Adjudicative Facts" and sworn affidavit(s). The denials are without any justification, yet Defendants are asking for "costs".

Wherefore, premises considered and pursuant to Rule 11 (1)(A), Plaintiff does move the Court to issue sanctions against counsel for the Defendant.

Respectfully Submitted,

/s/ Lester Jon Ruston
Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court and counsel for the Defendant on this 16th day of January, 2006, pursuant to Rule 5 Fed.Rul.Civ.P.

Les J. Ruston