UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON,            )
                             )
        Plaintiff,           )
                             )
        v.                   )    Civil Action No. 05-2314 (RMU)
                             )
BUREAU OF ALCOHOL, TOBACCO,  )
   FIREARMS AND EXPLOSIVES,  )
                             )
        Defendant.           )
_____)

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS

Preliminary Statement

Plaintiff commenced this action pro se on November 18, 2005, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. II 2002), seeking the release of any records concerning a named person, Joanna Shropshire, that might be maintained by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  On January 3, 2006, defendant filed its Answer.  On January 12, 2006, plaintiff filed a "Traverse," disputing aspects of defendant's Answer.  On January 16, 2006, plaintiff served upon defendant a Motion for Sanctions [hereinafter Plaintiff's Motion].[1]

Argument

Plaintiff asserts that sanctions pursuant to Federal Rule of

_____

[1] Plaintiff's motion was filed with a document entitled "Judicial Notice of Adjudicative Facts."  Although both of these documents were entered together on the docket sheet as item 11, defendant has treated plaintiff's motion as separate and distinct from plaintiff's "Judicial Notice of Adjudicative Facts."

- 2 -

Civil Procedure 11 are warranted in this case because counsel for defendant filed an Answer that "requested all 'costs' without providing one scintilla of evidence to substantiate any 'due diligence' to present evidence to justify said 'costs'."  Pl.'s Mot., at 1.  This assertion completely fails to describe the type of activity that Rule 11 is designed to address.  As the Supreme Court has stated, it is "clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  The portion of defendant's Answer that plaintiff believes merits sanctions is hardly "baseless."

Indeed, as one court has observed:  "With respect to the request for 'fees and costs [in defendant's answer],' the court notes that such language or similar language is used in virtually every responsive pleading filed by attorneys."  John H. Carney & Assoc. v. State Farm Lloyds, 376 F. Supp. 2d 697, 703 (N.D. Tex. 2005).  Moreover, there is no bar to the government recovering costs in FOIA actions, see Baez v. United States Dep't of Justice, 684 F.2d 999, 1006-07 (D.C. Cir. 1982) (en banc), and the request for costs in defendant's Answer was not without basis, see, e.g., Scherer v. United States, 78 Fed. Appx. 687, 690 (10th Cir. 2003) (upholding district court's dismissal of FOIA suit and award to defendant agency of costs).

- 3 -

Plaintiff's motion borders on the frivolous -- which, based on his past conduct, comes as no surprise.  <u>See, e.g.</u>, <u>Ruston v. Collin County</u>, No. 05-292, slip op. at 1-2 (E.D. Tex. Aug. 1, 2005) (magistrate's recommendation) (noting that plaintiff "is a serial filer," and that numerous of his past claims had been dismissed as frivolous pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g)), <u>adopted</u> (E.D. Tex. Aug. 16, 2005) (attached as Attachment A).  In sum, plaintiff's argument for sanctions is without foundation, and it serves only to frustrate the efficient administration of the Court.

- 4 -

<u>Conclusion</u>

For the foregoing reasons, and based upon the entire record herein, defendant respectfully suggests that plaintiff's Motion for Sanctions should be denied.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
(D.C. Bar #451058)
United States Attorney


_____
R. CRAIG LAWRENCE
(D.C. Bar #171538)
Assistant United States Attorney



_____
Dated:   January 30, 2006       JOSHUA T. RAINES
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530-0001
(202) 307-3997