IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED-CLERK
J.S. DISTRICT COURT

05 AUG -1  AM 9: 15

TEXAS-EASTERN

BY_____

| | | |
|---|---|---|
| LESTER JON RUSTON | § | |
| VS. | § | CIVIL ACTION NO. 4:05CV292 |
| COLLIN COUNTY, ET AL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lester Jon Ruston, an inmate confined in the Federal Medical Center in Los Angeles California pursuant to an order for a psychiatric examination from the Northern District of Texas, Dallas Division, proceeding *pro se*, brings this civil rights suit pursuant to 42 U.S.C. § 1983. The case was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Petitioner is a serial filer. He has filed multiple cases for habeas relief and multiple civil rights actions asserting grounds similar to those alleged in this case. Of the defendants listed in this case, only one would appear to be a "new" defendant. The claims against the new defendant are frivolous.

Plaintiff failed to submit either his $250 filing fee or an application to proceed *in forma pauperis*. The Prison Litigation Reform Act, enacted into law on April 26, 1996, amended 28 U.S.C. §1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. §1915(g), also known as the "three strikes" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if, on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court

1

which were dismissed, either by a district court or appellate court, as being frivolous, malicious or for failing to state a claim.

On February 28, 2003, in cause number 3:02-cv-2349, the United States District Court for the Northern District of Texas, Dallas Division, dismissed Plaintiff's prior complaint as barred by three strikes. The district court concluded that Plaintiff had filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim. Since that date, three more civil suits filed by Plaintiff have been dismissed as frivolous and barred by three strikes. [1]

Because Plaintiff has accumulated three or more strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious bodily injury" at the time he files his complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint in this case presents no claim that Plaintiff was in danger of physical injury at the time he filed the action. Because the complaint does not fall within the exception to the "three strikes rule" set out in §1915(g), the District Court should deny Plaintiff leave to proceed *in forma pauperis,* and dismiss this action without prejudice to it being resubmitted along with the $250.00 filing fee. *See Adepegba v. Hammons* 103 F.3d 383, 388 (C.A. 5, 1996).

Because Plaintiff has been on notice for more than a year that he is barred by the three strike rule pursuant to §1915(g) and has continued to bombard the courts with frivolous suits, he should be barred from filing further suits in the Eastern District of Texas, Sherman Division, unless the same is accompanied by the required $250.00 filing fee.

### Recommendation

It is therefore recommended that the complaint should be dismissed without prejudice;

---

[1] 3:04-cv-1517; 3:04-cv-1691 & 3:05-cv-328

Civil Action No. 05-2314 (RMU) -- Attachment A -- Defendant's Opposition to Plaintiff's Motion for Sanctions

Plaintiff's inferred motion for leave to proceed *in forma pauperis* should be denied;

To prevent abuse of the legal system, it is recommended that the Clerk be ordered to NOT accept any further filings from the Petitioner, Lester Jon Ruston, without the contemporaneous filing of the $250 filing fee unless there is an allegation and proof of imminent danger of serious physical injury. Filings which do not meet this requirement shall be returned unfiled.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this _____ day of July , 2005.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

Civil Action No. 05-2314 (RMU) -- Attachment A -- Defendant's Opposition to Plaintiff's Motion for Sanctions

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LESTER JON RUSTON | § | |
| VS. | § | CIVIL ACTION NO. 4:05CV292 |
| COLLIN COUNTY, ET AL | § | |
| | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Don D. Bush who issued a Report and Recommendation concluding that all the Complaint should be dismissed without prejudice to refiling same with the requisite $250.00 filing fee. The Petitioner has filed objections to the Report and Recommendation of the United States Magistrate Judge.

The Court, having made a *de novo* review of the objections raised by the Petitioner to the Report, is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Complaint is **DISMISSED** without prejudice to refiling with the requisite $250.00 filing fee. All motions by either party not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that the order referring the case to Magistrate Judge Bush is **VACATED**.

SIGNED this ___16___ day of August, 2005.

PAUL BROWN
UNITED STATES DISTRICT JUDGE

1

Civil Action No. 05-2314 (RMU) -- Attachment A -- Defendant's Opposition to Plaintiff's Motion for Sanctions