UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER JON RUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2314 (RMU) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
"MOTION FOR SUMMARY JUDGEMENT" OR,
IN THE ALTERNATIVE, MOTION TO HOLD IN ABEYANCE

Preliminary Statement

Plaintiff commenced this action pro se on November 18, 2005, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. II 2002), seeking the release of any records concerning a named person, Joanna Shropshire, that might be maintained by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  On January 3, 2006, defendant filed its Answer.  On January 28, 2006, plaintiff served upon defendant a "Motion for Summary Judgement" [hereinafter Plaintiff's Motion].  Because Plaintiff's Motion is deficient on its face, defendant respectfully requests that the Court deny Plaintiff's Motion at this time, without prejudice.  In the alternative, defendant respectfully moves that the Court hold Plaintiff's Motion in abeyance pending adjudication of a prospective dispositive motion to be filed by defendant.[1]

---

[1] In the event that the Court grants defendant's alternative motion to hold Plaintiff's Motion in abeyance, defendant would propose a formal briefing schedule accordingly.

- 2 -

<u>Argument</u>

As the Court of Appeals for this Circuit has held, "summary judgment must be denied where the movant fails to show his entitlement to a favorable determination as a matter of law. Thus, to be upheld, the summary judgment under review must withstand scrutiny on both its factual and legal foundations." <u>Bloomgarden v. Coyer</u>, 479 F.2d 201, 207 (D.C. Cir. 1973) (footnote omitted).  Because Plaintiff's Motion is deficient both factually and legally and fails to comply with the Local Rules of this Court, defendant respectfully suggests that it should be denied, without prejudice, at this time.

Even considering that Plaintiff's Motion "fully incorporates all arguments in his original complaint, traverse, affidavit and Judicial Notice of Adjudicative Facts" (Pl.'s Mot., at 1), plaintiff still has not presented material facts and argument sufficient to warrant summary judgment.  Indeed, the vast majority of the factual information contained in plaintiff's filings has little or nothing to do with the FOIA request that forms the basis of this action, but instead concerns irrelevant alleged governmental conspiracies that evidently weigh heavily on plaintiff's mind.  The few relevant pieces of information in plaintiff's filings fail to present a clear factual picture of the events giving rise to this suit.  (<u>See</u> Compl., filed Dec. 1, 2005, at 2 & Ex. A; Mem. in Supp. of Pl.'s Mot. for Appointment

- 3 -

of Counsel, filed Dec. 19, 2005, at 1-2; Traverse, filed Jan. 12, 2006, at 1-2) (encompassing plaintiff's primary factual allegations directly related to the FOIA request that forms the basis of this action.)

In addition, plaintiff's affidavit fails to comply with even the most basic requirements of Federal Rule of Civil Procedure 56(e), which requires that supporting affidavits "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matters stated therein."  As only one example, plaintiff's affidavit includes hearsay:  "A switchboard operator confirmed that they [ATF's Dallas Office] had a 'secretary' by this name [Joanna Shropshire] listed."  (Compl. Ex. A.)  Thus, portions of plaintiff's affidavit cannot be relied on in support of his Motion.

Moreover, the record in this action is incomplete, as crucial documents from the administrative proceedings underlying it -- including plaintiff's initial FOIA request letter to defendant -- currently are absent.  Plaintiff's Motion is replete with such deficiencies and thus lacks the proper factual foundation necessary to entitle him to summary judgment.

Plaintiff's Motion also lacks the proper legal foundation required for summary judgment, as it hardly shows that plaintiff "is entitled to judgment as a matter of law."  Fed. R. Civ. P.

- 4 -

56(c).  Other than a brief reference to the FOIA itself in plaintiff's Complaint (see Compl. at 1), Plaintiff's Motion and incorporated filings cite to no statute, regulation, or case law supporting his position and, as a whole, fail to articulate any kind of rational argument as to why the Court should grant plaintiff any of the relief requested.  Plaintiff's Motion therefore lacks the sufficient legal foundation necessary for a proper motion for summary judgment.

Finally, although Local Rule 7(h) requires that a motion for summary judgment be accompanied by "a statement of material facts as to which the moving party contends there is no genuine issue," plaintiff failed to include such a statement with his Motion.  Although not necessarily fatal to a motion for summary judgment, this only adds to the deficient factual foundation of Plaintiff's Motion, and further demonstrates why Plaintiff's Motion should be denied at this time, without prejudice to his potential entitlement to summary judgment at some future juncture in this case.  In sum, because of the deficiencies of Plaintiff's Motion, defendant respectfully requests that the Court deny it without prejudice or, in the alternative, to hold it in abeyance pending adjudication of defendant's prospective dispositive motion.

## Conclusion

For the foregoing reasons, and based upon the entire record herein, defendant respectfully suggests that plaintiff's "Motion

- 5 -

for Summary Judgement" should be denied without prejudice or, in the alternative, held in abeyance pending adjudication of defendant's prospective dispositive motion.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
(DC Bar #451058)
United States Attorney


_____
R. CRAIG LAWRENCE
(DC Bar #171538)
Assistant United States Attorney


_____
Dated:  February 8, 2006      JOSHUA T. RAINES
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, DC  20530-0001
(202) 307-3997