UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON, §
  Plaintiff, §
vs. § Civil Action No. 05-2314 (RMU)
BUREAU OF ALCOHOL, TOBACCO, FIREARMS §
   AND EXPLOSIVES, §
  Defendant, §
§

AFFIDAVIT OF LESTER JON RUSTON IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO HOLD IN ABEYANCE

My name is Lester Jon Ruston. Affiant is over the age of 18 and is "competent" to make the following declaration under penalty of law. Affiant is the Plaintiff in the civil matter numbered and styled above, and pursuant to Rule 65 Federal Rules of Civil Procedure, does file this Affidavit of fact.

Defendant's counsel has filed yet another "insulting" and fraudulent document to the Court, and willfully suppressed evidence, which is dancing on the edges of public slander and libel.

Affiant is a skilled and trained private investigator, with 25 years of experience in investigating fraud and Government Misconduct, his area of "specialty". Affiant has done "work" for the Department of Defense, General Services Administration and the Treasury Department.

Counsel for Defendant, Joshua T. Raines has introduced a "document" as an exhibit in Opposition to Motion for Sanctions, to wit, an "order" signed by a Judge named Paul Brown. Affiant has been investigating Paul Brown for fraud and judicial misconduct for the past eight years, along with members of the press, including the staff of the Dallas Observer Magazine, "associates" of the Affiant.

Following "alleged" fraud in the matter Ruston v. Sandoval, 4:00-CV-341 before Paul Brown's court, Affiant successfully recused Brown off of hearing matters presented to his court, due to insane rulings and aiding and abetting alleged "R.I.C.O."

-1-

Racketeering allegations involving Charles Sandoval, recused off of Plano I.S.D. v. Ruston, 380-786-98 in District Court 380, Collin County, Texas (Title 18 U.S.C. § 1961). In support Affiant does produce "Exhibit A" attached, a copy of the most recent "order" signed by Richard A. Schell on Plaintiff's attempt to seek a restraining order against these alleged "R.I.C.O." Racketeering suspects.

Plaintiff has sought this same relief in Kansas City Federal Court in the matter Ruston v. Collin County, et al 06-3037-CV-S-RED-P, due to the willful and wanton fraud by Texas Courts.

Counsel for Defendant has willfully suppressed these "facts" from the Court, to continue to "obstruct justice", which is justification for both Sanctions and the Appointment of Special Counsel, as requested in Motion for Summary Judgement.

Wherefore, premises considered, Plaintiff does hereby file this Affidavit of fact, pursuant to Rule 65 Fed.R.Civ.Pro. along with attached "Exhibit" for the Honorable Court's records.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 20th day of February, 2006, with one copy served upon counsel for the Defendant.

Lester Jon Ruston

Joshua T. Raines
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001
(202) 307-3997

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAY 2 4 2005
DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| LESTER JON RUSTON, #62065558 | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-162 |
| STATE OF TEXAS; COLLIN COUNTY ET.AL.; PLANO INDEPENDENT SCHOOL DISTRICT, ET.AL.; LAWFIRM OF ABERNATHY, ROEDER, BOYD AND JOPLIN, ET.AL. | § § § | |

## FINAL JUDGMENT ON PLAINTIFF'S MOTION FOR TEMPORARY AND PERMANENT RESTRAINING ORDER

The Court, having considered the Plaintiff's case and rendered its decision by opinion issued this same date, hereby **ORDERS** that the Motions for temporary restraining order and for preliminary injunction are **DENIED**.

SIGNED this 24th day of May, 2005.

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER JON RUSTON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. _____ |
| UNITED STATES JUSTICE DEPARTMENT, | § | |
| Defendant, | § | |

## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now, Plaintiff, Lester Jon Ruston, and does file this, his Motion to Proceed in Forma Pauperis, and would show the Honorable Court as follows:

I.

That the Plaintiff is an indigent pre-trial detainee. Plaintiff has been granted I.F.P. status by the Honorable Judge Robertson in Civil Action 05-2314-RMU (see Exhibit "A" attached). Plaintiff has already provided the Court a copy of his inmate trust account.

Wherefore, premises considered, Plaintiff does move the Honorable Court to GRANT this Motion, and allow Plaintiff to proceed In Forma Pauperis.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri  65801-4000

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 23rd day of February, 2006, by regular U.S. Mail.

Lester Jon Ruston

EXHIBIT "A" RUSTON V. JUSTICE DEPARTMENT MOTION FOR I.F.P.

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Thursday, December 01, 2005

**Civil Action#:** 052314 - RMU
**Plaintiff:** LESTER J. RUSTON

DEAR LESTER J. RUSTON

In the above entitled case, please be advised that on 11/29/05, Judge Robertson endorsed theron as follows:

"Leave to file without prepayment of costs granted."

As a result of the Judge's ruling, your case has been assigned to Judge Urbina. All subsequent correspondence or pleadings must bear the civil action number referred to above, followed by the initials of the Judge assigned to your case.

NANCY MAYER-WHITTINGTON, CLERK
By: Mrs. M. Higgins

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA DISTRICT

| | | |
|---|---|---|
| LESTER JON RUSTON<br>P.O. BOX 4000<br>SPRINGFIELD, MISSOURI 65801-4000<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JUSTICE DEPARTMENT<br>OFFICE OF INFORMATION AND PRIVACY<br>FLAG BUILDING, SUITE 570<br><br>　　　　Defendant, | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. _____<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>(AMENDED COMPLAINT) |

PRELIMINARY STATEMENT

　　　This is a complaint (amended) and request for relief pursuant to the Freedom of Information and Privacy Act, Title 5 U.S.C. § 552 & 552(a). Plaintiff seeks Judicial Review of the denial of information, pursuant to 5 U.S.C. § 552(a)(4)(B), a claim upon which relief can be granted.

　　　Jurisdiction:

1.　The Court has jurisdiction over the Plaintiff's claims as all records sought are in the custody of the Defendant's in the D.C. District, pursuant to 28 U.S.C. § 1402(b). Further, the denial of said records occurred in the D.C. District which gives the Court jurisdiction, pursuant to 28 U.S.C. § 1402(b).

2.　The Court has supplemental jurisdiction under Title 28 U.S.C. § 1332 "diversity" of jurisdiction.

　　　Parties:

3.　The Plaintiff is a pre-trial civil detainee, held under an alleged unlawful civil commitment at the Medical Center for Federal Prisoners (see Ruston v. United States, 05-3243-CV-S-RED-P Western District of Missouri, Southern Division). Plaintiff claims waiver of the Prison Litigation Reform Act (PLRA), and has been granted such in Ruston v. United States, Case No. 05-3304-CV-S-RED-P Western District of Missouri, Southern Division (see Perkins v. Hedrick, 340 F.3d 582 8th Cir. 2003). Plaintiff is in imminent danger of serious physical injury, and has a contract out on his life, as evidenced by Dallas Police records, and N.C.I.C. records of African-American male, ex-Marine, last known address 4804 Haverwood Lane #826, Dallas, Texas 75287 as of May of 2004, currently being suppressed by the Defendants.

4.　The Justice Department is a governmental sub-division of the Executive Branch of the United States of America government, and the Bureau of Prisons is a component of the Justice Department, who may be served with process at Office of Information and Privacy, Flag Building, Suite 570, Washington, D.C. 20530-0001.

5.　On or about December 21, 2005, the Defendant affirmed the denial of Appeal No. 05-2596 of original request No. 05-6378 to the Bureau of Prisons (see Exhibit "A" attached). Plaintiff challenges this denial with this complaint and civil action.

-1-

6. Defendant has claimed that the information requested is protected from disclosure under the FOIA pursuant to : 5 U.S.C. 552 (b)(2), which concerns matters that are related solely to internal agency practices. Plaintiff challenges this claim. The information requested relates to allegations of criminal violation(s) "alleged" against "Dr." Maureen Buriss for violations of Title 18 U.S.C. §§§§'s 241, 2, 1113 and 2388. All of these serious allegations require review by the Honorable Court and Plaintiff does seek "Special Counsel", pursuant to Title 5 U.S.C. § 552(a)(4)(F).

7. Defendant has claimed that the information requested is protected from disclosure under the FOIA pursuant to: 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. Plaintiff challenges this claim. The information requested clearly demonstrates a conspiracy to aid and abett the attempted murder of Plaintiff by an unknown African-American male, last known address 4804 Haverwood Lane #826, Dallas, Texas 75287 in May of 2004, among other crimes perpetrated against Plaintiff. Said denial of records is aiding and abetting this crime. Further, a "Dr." Maureen Buriss is falsely claiming these easily substantiated N.C.I.C. records and 9-11 records are a "delusion", which consitutes fraud and medical malpractice. The California Board of Licensing offers no "unwarranted invasion of the personal privacy of third parties" to Doctors engaged in medical malpractice. Further, the Plaintiff is the victim of a serious crime that the Defendant is aiding and abetting. No one engaged in organized crime has an expectation of "personal privacy" from prosecution under the United States Federal Codes Annotated.

8. Defendant has claimed that the information requested is protected from disclosure under the FOIA pursuant to: 5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual. The Plaintiff has a right to said records to prove violations of Federal Laws to protect his own life. A "Dr." Maureen Buriss is claiming "delusions" to deny Plaintiff his Constitutional rights which is an alleged violation of Title 18 U.S.C. § 241 and 2. Buriss is also conspiring to obstruct recruiting for the U.S. Navy by making false statements and filing false documents, in alleged violation of Title 18 U.S.C. § 2388. The Court has a duty to investigate and determine this allegation, pursuant to its oath under Title 28 U.S.C. § 453 and according to Title 18 U.S.C. § 2382.

Claims for Relief:

9. Plaintiff files this claim for Judicial Review, pursuant to 5 U.S.C. § 552(a)(4)(B) and for consideration of "Special Counsel" pursuant to 5 U.S.C. § 552(a)(4)(F).

Relief Requested:

Wherefore, premises considered, Plaintiff requests that the Court grant the following relief:

A. Order an "in camera" review of said material.

B. Appoint "Special Counsel" pursuant to 5 U.S.C. § 552(a)(4)(F) to investigate all allegations of criminal wrongdoing and obstruction of justice.

C. Order all documents to be provided to the Plaintiff.

D. Award all costs to the Plaintiff

F.  Award $ 1,000.00 in damages for all of Plaintiff's legal time in the adjudication of this litigation.

G.  Grant such further relief as it may appear that Plaintiff is entitled to.

Respectfully Submitted,

_____
Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon the clerk of the court on this 23rd of February, 2006. Plaintiff's original filing has never been docketed, for reasons unknown to Plaintiff. Plaintiff is an indigent pre-trial detainee, and does hereby request assistance with service as such.

_____
Lester Jon Ruston

## AFFIDAVIT OF LESTER JON RUSTON

Pursuant to Rule 65 Fed.R.Civ.Pro., Affiant does state that my name is Lester Jon Ruston. Affiant is over the age of 18 and is competent to make the following declaration under penalty of law. All of the allegations of fact contained herein are true and correct, to the best of Affiant's knowledge and Federal Court records in U.S. v. Ruston, 3:04-CR-191-G, an attempted malicious prosecution to cover up attempted murder and organized crime in the Northern District of Texas, Dallas Division. Maureen Buriss is an insane lesbian, who was "forced" on Plaintiff/Affiant by fraud by ex-Federal Public Defender Richard Goldman and AUSA Richard Alan Calvert, Jr., in criminal violation of Title 18 U.S.C. § 2340 "Torture". Buriss is a complete "fraud" and Affiant was denied his 6th Amendment "confrontation" rights, on record, to examine Buriss. All allegations of fact are true and correct to the best of Affiant's knowledge and State of Texas and Federal records, sworn to under penalty of law with Affiant's signature affixed, pursuant to Title 28 U.S.C. § 1746.

_____ 2-15-06 Declarant
Lester Jon Ruston

EXHIBIT "A" RUSTON V. JUSTICE DEPARTMENT PAGE ONE OF TWO

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                     Washington, D.C. 20530

DEC 21 2005

Mr. Les J. Ruston
Register No. 26834-177
Federal Medical Center                 Re:    Appeal No. 05-2596
Post Office Box 4000                          Request No. 05-6378
Springfield, MO 65801                         BVE:GLB:JTR

Dear Mr. Ruston:

You appealed from the action of the North Central Regional Office of the Federal Bureau of Prisons on your request for access to records concerning a psychological examination of you conducted by Dr. Maureen Burris.

After carefully considering your appeal, I have decided to affirm the BOP's action on your request.

These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.97(a) (2005). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

The BOP properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual.

I have determined that this information is not appropriate for discretionary release.

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Melanie Ann Pustay
Deputy Director