UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON,                    )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    Civil Action No. 05-2314 (RMU)
                                      )
BUREAU OF ALCOHOL, TOBACCO,           )
   FIREARMS AND EXPLOSIVES,           )
                                      )
        Defendant.                    )
_____  )

DEFENDANT'S OPPOSITION TO PLAINTIFF'S "NOTICE OF
INTENTION TO TAKE DEPOSITION UPON WRITTEN QUESTIONS"

Preliminary Statement

Plaintiff commenced this action pro se on November 18, 2005, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. III 2003), seeking the release of any records concerning a named person, Joanna Shropshire, that might be maintained by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Pursuant to the Court's Order of March 21, 2006, defendant is to file a motion for summary judgment by April 19, 2006. On March 28, 2006, plaintiff served defendant with a "Notice of Intention to Take Deposition Upon Written Questions" [hereinafter Plaintiff's Notice].[1]

Argument

Plaintiff now seeks to take the testimony of the Director of defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives

_____

[1] Defendant notes that plaintiff's filing "moves" the Court to "order" the requested deposition. (See Pl.'s Notice at 3.) Defendant accordingly understands Plaintiff's Notice to be a motion, and therefore files its opposition.

- 2 -

by deposition upon written questions.[2]  (See Pl.'s Notice at 1.)
He further asks this Court to designate an officer before whom
the deposition will be taken.  (See id.)  As noted, however, by
the United States District Court for the District of Columbia,
discovery in a FOIA case is "generally unavailable," Wheeler v.
CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003), and "generally
inappropriate," Judicial Watch, Inc. v. Exp.-Imp. Bank, 108 F.
Supp. 2d 19, 25 (D.D.C. 2000).  "When the courts have permitted
discovery in FOIA cases, it generally is limited to the scope of
the agency's search and its indexing and classification
procedures." Heily v. U.S. Dep't of Commerce, 69 Fed. Appx. 171,
174 (4th Cir. 2003) (citing Weisberg v. U.S. Dep't of Justice,
627 F.2d 365, 371 (D.C. Cir. 1980); Public Citizen Health
Research Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C.
1998)).

In the context of his "notice," plaintiff asks that the
Court order defendant to answer a number of questions on a
variety of disparate topics.  Importantly, the questions posed by
plaintiff have essentially nothing to do with defendant's actions
in response to plaintiff's FOIA request.  Indeed, Plaintiff's
Notice makes no direct mention of the FOIA request that forms the
basis for this action, and no mention whatsoever of defendant's

---

[2] This is plaintiff's second attempt to initiate discovery
in this case, infra at 3.

- 3 -

actions in response to that request.  Only the first question
listed in Plaintiff's Notice, which concerns the subject of his
FOIA request, is of even minimal relevance to this case.  The
remaining seventeen questions -- which include such absurd
inquiries as "Has your agency been in contact with the Plano
Independent School District in Texas since this litigation was
instigated?" and "Does your agency condone criminal conduct by
its employees?" (Pl.'s Notice at 2, Items 6, 11) -- hardly fall
within the narrow range of topics that courts have felt
appropriate for depositions in FOIA cases.

    Moreover, plaintiff's earlier attempt at discovery in this
case -- a "Motion for Rule 26(f) Conference," filed December 29,
2005 --  was appropriately denied.  Citing Local Civil Rule
16.3(b)(3), (9), defendant opposed this motion.  (See Defendant's
Opposition to Plaintiff's "Motion for Rule 26(f) Conference,"
filed Jan. 11, 2006, at 1.)  By Order dated February 17, 2006,
this Court denied plaintiff's "Motion for Rule 26(f) Conference."
Local Civil Rule 16.3(b)(9) exempts "FOIA actions" from the
requirements of Federal Rule of Civil Procedure 26(f).  As the
comment for Local Civil Rule 16.3(b)(9) states, FOIA actions "are
actions that typically do not require discovery or actions in
which an initial disclosure requirement would not make sense."
Plaintiff's earlier attempt at discovery was properly denied by
this Court, and defendant respectfully suggests that plaintiff's

- 4 -

latest attempt at discovery in the form of Plaintiff's Notice
should likewise be denied.

Finally, pursuant to the briefing schedule approved by this
Court, defendant is to file a motion for summary judgment by
April 19, 2006, which will include a declaration detailing the
facts relevant to this case. To the extent that it is relevant
to this FOIA action, the first question of Plaintiff's Notice
will be addressed by defendant's motion for summary judgment.
Defendant respectfully suggests that any discovery before the
filing of its motion for summary judgment is unnecessary. As the
District Court for the District of Columbia has stated,
"[d]iscovery is only appropriate when an agency has not taken
adequate steps to uncover responsive documents." Schrecker v.
U.S. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002),
aff'd, 349 F.3d 657 (D.C. Cir. 2003). Accordingly, if an agency
has met its burden in demonstrating that it conducted an adequate
search, discovery is not warranted. See id. at 36. Defendant
therefore respectfully suggests that the fact that it has not yet
had an initial opportunity to demonstrate that it has satisfied
its obligations under the FOIA is another reason why Plaintiff's
Notice should be denied.

<u>Conclusion</u>

For the foregoing reasons, and based upon the entire record
herein, defendant respectfully suggests that plaintiff's "Notice

- 5 -

of Intention to Take Deposition Upon Written Questions" should be
denied.

                              Respectfully submitted,


_____
                              KENNETH L. WAINSTEIN
                              (DC Bar #451058)
                              United States Attorney


_____
                              RUDOLPH CONTRERAS
                              (DC Bar #434122)
                              Assistant United States Attorney


_____/s/_____
Dated:  April 4, 2006         JOSHUA T. RAINES
                              Attorney-Advisor
                              Office of Information and Privacy
                              United States Department of Justice
                              1425 New York Ave., NW, Suite 11050
                              Washington, DC  20530-0001
                              (202) 307-3997