UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lester Jon Ruston,<br><br>    Plaintiff,<br><br>v.<br><br>Bureau of Alcohol, Tobacco, Firearms<br>and Explosives,<br><br>    Defendant. | Civil Action No. 05-2314 (RMU) |

## DECLARATION OF AVERILL P. GRAHAM,
### CHIEF, DISCLOSURE DIVISION,
### BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES

I, Averill P. Graham, declare as follows:

1.      I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made to ATF pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF, and recording all administrative appeals filed with ATF.

2.      I declare that the statements made in this declaration are on the basis of knowledge acquired by me in the performance of my official duties.

1

3. I am familiar with the procedures followed by this office in responding to the FOIA request made by plaintiff and the Disclosure Division's application of FOIA Exemption (b)(7)(C) to neither confirm nor deny the existence of non-employment records pertaining to Ms. Joanna Shropshire.

## **CHRONOLOGY**

4. By letter dated July 5, 2005, plaintiff submitted a FOIA request to ATF requesting "[a]ll official and unofficial records, documents, and/or data contained in the files of your agency with regards to an employee . . . named Joanna Shropshire[.]" Plaintiff provided no third-party privacy waiver or proof of death for Ms. Shropshire. A copy of plaintiff's July 5, 2005 request letter is attached as Exhibit A.

5. By letter dated July 26, 2005, ATF acknowledged receipt of plaintiff's request letter on July 25, 2005 and stated that plaintiff's request was assigned request number 05-1379. A copy of ATF's July 26, 2005 acknowledgment letter is attached as Exhibit B.

6. By letter dated August 8, 2005, ATF advised plaintiff that because he had not submitted a privacy waiver or proof of death for Ms. Shropshire, his request was denied pursuant to "the 'Glomarization' response under FOIA exemption (b)(7)(C) – refusing to either confirm or deny that records exist on the individual" named in plaintiff's request. Plaintiff was also provided with instructions on how to file an administrative appeal. A copy of ATF's August 8, 2005 response letter is attached as Exhibit C.

7. By letter dated August 15, 2005, plaintiff appealed ATF's August 8, 2005 decision to the Office of Information and Privacy (OIP), the Department of Justice's administrative appellate authority for FOIA matters. A copy of plaintiff's August 15, 2005 appeal letter to OIP is attached as Exhibit D.

8.  By letter dated August 31, 2005, OIP acknowledged receipt of plaintiff's appeal letter on August 25, 2005 and stated that plaintiff's appeal was assigned appeal number 05-2640. A copy of OIP's August 31, 2005 appeal acknowledgment letter is attached as Exhibit E.

9.  By letter dated September 26, 2005, OIP affirmed ATF's August 8, 2005 decision. A copy of OIP's September 26, 2005 determination letter is attached as Exhibit F.

### ATF'S POLICY OF REFUSING TO CONFIRM OR DENY THE EXISTENCE OF LAW ENFORCEMENT RECORDS RESPONSIVE TO A THIRD PARTY'S REQUEST

10. It is ATF's policy to consistently "neither confirm nor deny" the existence of records responsive to third-party requests. Commonly known as a "Glomar" response, this provides the best and most complete protection to those individuals who are the subjects of third-party FOIA requests. Although it would be much simpler to actually admit those instances in which records do not exist on a particular individual, this approach would place ATF in the untenable position of having to affirmatively address those requests for which records do exist.

11. Recognizing that the "Glomar" response is a powerful tool, and not appropriate to refuse to confirm or deny all types of third-party records – including, as suggested in this case, certain employment information of federal employees – ATF therefore "bifurcates" its response to plaintiff's request. In doing so, ATF confirms that Ms. Shropshire is not, nor has ever been, employed by ATF. However, ATF continues to refuse to confirm or deny the existence of any law enforcement-related files responsive to plaintiff's request.

#### Employment Records

12. Plaintiff's July 5, 2005 FOIA request was not his first attempt to locate records concerning Ms. Shropshire. By letter dated September 6, 2000, plaintiff submitted a request for records concerning Ms. Shropshire to ATF's Dallas Field Division. By letter dated September 18, 2000, the Dallas Division Director notified plaintiff that his FOIA request was being

forwarded to ATF's Disclosure Division for processing. The Dallas Division Director additionally stated, "please be advised that although you referenced 'Joanna Shropshire of your staff' in your letter, the Bureau does not have a Joanna Shropshire in its employment." A copy of the Dallas Division Director's September 18, 2000 letter is attached as Exhibit G.

13. Subsequent to the receipt of the Complaint filed by plaintiff in this case, an attorney with ATF's Office of Chief Counsel consulted with ATF's Office of Management, Human Resources Division, and directed a human resources specialist to query the National Finance Center's (NFC) personnel database to determine if and when Ms. Shropshire was employed by ATF.

14. The NFC database is used by ATF to locate personnel records. It contains the names of past and present ATF employees, and provides the sole method by which ATF can locate personnel records by using a computerized name query. If records had been located in the NFC database they would have cross-referenced to an Official Personnel File located either at ATF Headquarters in Washington, D.C., or, if a former ATF employee, the National Records Center in St. Louis, Missouri.

15. Using the information provided by plaintiff, the human resources specialist entered Ms. Shropshire's name into a query field in the NFC database. This search produced no results, indicating that Ms. Shropshire is not, nor has ever been, employed by ATF, thereby confirming the Dallas Division Director's earlier statement concerning Ms. Shropshire's employment status with ATF.

Criminal Records
FOIA Exemption 7 Threshold

16. Exemption 7 of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption. See 5 U.S.C. § 552(b)(7). In this case, the harm that could reasonably be expected to result from disclosure concerns the personal privacy of individuals. See id. at § 552(b)(7)(C).

17. Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Law enforcement agencies such as ATF must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of that agency.

18. ATF is a criminal and regulatory enforcement agency within the Department of Justice and is responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§ 921-930, the Federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. See 28 C.F.R. § 0.130.

### ATF's Policy of Refusing to Confirm or Deny the Existence of Law Enforcement Records Responsive to Third Party Requests Pursuant to FOIA Exemption (b)(7)(C)

19. Plaintiff requested certain information pertaining to Ms. Shropshire without submitting a privacy waiver signed by Ms. Shropshire or proof of her death. Due to the inherently sensitive nature of law enforcement records, even to acknowledge the existence of investigatory records pertaining to a third party without his or her consent or proof of death would constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(7)(C). This provision exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]

20. In most instances, when ATF receives a request for access to law enforcement records concerning a third party, ATF neither confirms nor denies the existence of records. Simply affirming that an individual is mentioned in ATF records can have a potentially embarrassing or stigmatizing effect. The mere mention of an individual's name in an ATF record reflects that the person either came to the attention of ATF or assisted ATF during the course of its administration of duties imposed upon it by federal statute, Executive Order, or Presidential Directive. Thus, even to acknowledge that records of this nature exist concerning a third party would, in itself, be a violation of the individual's personal privacy.

21. The foregoing notwithstanding, use of the "neither confirm nor deny" response is not automatic. In four instances, ATF will deem that the subject of a third party request has either lost or waived most, if not all, of the otherwise inherent privacy interests. Such a situation occurs when the subject of a request is (a) deceased, or (b) has provided a notarized authorization (privacy waiver) allowing the release of information to the requester, or (c) when the Department of Justice has officially acknowledged the existence of records, or (d) when the requester demonstrates that the public's interest in disclosure outweighs privacy interests. None of these circumstances apply in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _12_ day of April 2006.

_____
Averill P. Graham
Chief, Disclosure Division