UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COUMBIA

| | |
|---|---|
| LESTER JON RUSTON, § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 05-2314 RMU |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, § § | |
| Defendant, § § | |

**RECEIVED**

MAY 1 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Opposition to Defendant's Motion for Summary Judgment, and would show the Honorable Court as follows:

I.

On or about April 25, 2006, the Plaintiff was served the Defendant's Motion for Summary Judgment. Plaintiff concedes that the Defendant has complied in their search for "employment" records of an individual named Joanna Shropshire, however, the Plaintiff takes exception to the Defendant's refusal to confirm or deny "investigative" records, and believes the Defendant's are conspiring to obstruct justice in organized crime in Collin and Dallas County, Texas, in alleged criminal violation of Title 18 U.S.C. § 2, which is not the "statutory duties" of the Bureau of Alcohol, Tobacco, Firearms and Explosives, U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762 (1989).

II.

The Defendants have claimed their "Glomar" response is justified, and have cited § 552(b)(7)(C) with regards to unwarranted invasion of personal privacy. Joanna Shropshire's name is listed on "public record" in Plano I.S.D. v. Ruston, 380-786-98 in District Court 380, Collin County, Texas as a result of Plaintiff's allegations of her acts of "stalking" and filing false police reports and aiding and abetting allegations of the violation of Title 18 U.S.C. § 2340 "torture" by Plano I.S.D. and multiple co-conspirators, which is ongoing to this filing. Records on Joanna Shropshire were provided to the Plaintiff by the Dallas Police Department, to confirm allegations of crimes and criminal

-1-

activity by Joanna Shropshire, last known address 4804 Haverwood Lane #921, Dallas, Texas 75287. Her application for a lease on this apartment will easily confirm her employment during this time frame, summer of 1998. Defendant's have not confirmed whether she was acting as an "informant" or working in an unofficial capacity for the Defendant's while engaged in criminal acts against the Plaintiff. Further, two Federal Agencies in Dallas, the F.B.I. and I.R.S. Criminal Investigative Division were provided clear and compelling "probable cause" that Joanna Shropshire was engaged in allegations of invasion of privacy, Title 18 U.S.C. § 241 and possible conspiracy to commit income tax evasion and aiding and abetting income tax evasion.

### III.

Criminal activity is most certainly **not** the Defendant's statutory duties. Shropshire gave up any right to privacy when she filed false police reports on the Plaintiff. It is in the public's interest to be **protected** from organized crime, particulary when such crime involves the use of taxpayers funds, which clearly demonstrates that the public's interest outweighs privacy interests. Plano I.S.D. has engaged in organized crime with an alleged R.I.C.O. Racketeering "mafia" operating out of Collin County and Plano, Texas for years, personally investigated by the Plaintiff. In "retaliation" for Plaintiff's allegations, he has been stalked and had multiple attempts made on his life. Plaintiff has been denied all records with regards to any Federal Investigation and has had every attempt to follow his attorney, Danny Wilson, a credible witness's advice to "put paper on everything" *obstructed* Wilson is located in McKinney, Texas, Collin County, and personally has witnessed the conspiracy against the Plaintiff which he called the most corrupt he has ever seen in his career of over 15 years. If the Defendant's have any investigative records in their possession, the Plaintiff has an absolute right to those records, as a matter of law, see <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992). Further, this Honorable Court has a duty to protect the Plaintiff's constitutional rights, pursuant to its oath under Title 28 U.S.C. § 453. If Averill P. Graham had been "stalked" and had multiple attempts made on his life perhaps his sworn affidavit might reflect a different attitude towards "personal privacy". Shropshire was wearing an ATF T-Shirt when first

confronted by Plaintiff. An operator clearly stated that a woman named "Joanna Shropshire" was employed as a "secretary" by a telephone call which is easily traced by computer generated telephone records. Plaintiff would never had made these inquiries, were it not for these easily confirmed and substantiated "facts". Further, Shropshire's telephone records will confirm with whom she was "communicating" while engaged in organized criminal acts against the Plaintiff. Public Interest outweighs any claim of personal privacy, as human life has been lost due to the actions of Keith Sockwell V and the Plano Independent School District, personally investigated by the Plaintiff. Justice requires the Defendants to disclose any records which they have regarding a person named Joanna Shropshire, in the interest of the 1st Amendment to the U.S. Constitution. As a "law enforcement" agency, the Defendants should have contacted the F.B.I. with regards to allegations of the acts of Joanna Shropshire, pursuant to Title 5 U.S.C. § 552(a) with regards to the allegations of Title 18 U.S.C. § 241, particularly if Shropshire was used as an "informant", or was acting in any fashion in criminal investigations by or for the Defendants. Said "facts" justify Plaintiff's request for information as a matter of law, and justifies Special Counsel for allegations of obstruction of justice. Plaintiff's life is in danger, and has been since his allegation against Shropshire.

CONCLUSION

Plaintiff respectfully contends that there is a genuine issue as to a material fact, to wit, any records in possession of the Defendants regarding a criminal named Joanna Shropshire, who committed crimes against the Plaintiff, which is on record in a public lawsuit and proof of which has been provided to three seperate law enforcement agencies, one State and two Federals. Pursuant to Fed.R.Civ.P. 56(c), Plaintiff respectfully moves the Court to deny Defendant's Motion For Summary Judgment and allow Plaintiff to proceed as the Defendant's may be in possession of records which are in the "general interest of the public" regarding organized crime in North Texas. Further, evidence was presented in Springfield, Missouri on 4-25-06, in front of "witnesses" of a continued "conspiracy" to violate Plaintiff's 1st, 4th, 5th, 6th, 8th and 14th Amendment rights as a direct result of Plaintiff's allegations against Shropshire, and one of her alleged co-conspirators in Collin County, Charles Sandoval, another "stalker", which is now before the Missouri

Board of Healing Arts with regards to Dr. James Kenneth Wolfson, and a matter of record in civil actions by the Plaintiff in D.C. and Kansas City in "Bivens" suits, seeking injunctive relief. The Defendants have introduced "evidence" which also clearly shows a conspiracy with Charles Sandoval, on the record. Defendants suppressed the "fact" that Sandoval has committed Federal Crimes against the Plaintiff since 1999, following his recusal from 380-786-98, alluded to herein, and the Petition for a Writ of Mandamus filed to "strike" a ruling provided as evidence, due to abuse of Rule 11, and Ruston v. Brown, 4:06-CV-90 Eastern District of Texas, Sherman Division. Defendant's have suppressed evidence from this Court from the onset of this litigation, which supports Plaintiff's request for Counsel to investigate obstruction of justice, in the interest of the taxpaying "general public".

Wherefore, premises considered, Plaintiff Lester Jon Ruston does file this, his Motion in Opposition to Motion for Summary Judgment, and does respectfully move the Court to deny Summary Judgment for the Defendants.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 2nd day of May, 2006, by regular U.S. Mail with one copy provided to the Defendants at the address listed below, pursuant to Rule 5 Fed.R.Civ.P.

Lester Jon Ruston

Joshua T. Raines
Attorney Advisor
United States Department of Justice
1425 New York Ave., NW 11050
Washington, D.C. 20530-0001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 05-2314 RMU |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, § | |
| TOBACCO AND EXPLOSIVES § | |
| Defendants, § | |

AFFIDAVIT IN SUPORT OF MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

My name is Lester Jon Ruston. Affiant is 'competent' to make the following declaration, under oath of law. Evidence and proof of "competence" is public record in District Court 292 and 194 in Dallas County, Texas, and in Ruston v. United States, 05-3243-CV-S-RED-P Western District of Missouri, Southern Division.

Affiant has opposed Defendant's Motion for Summary Judgment as Affiant has probable cause to believe Defendants are withholding investigative evidence regarding a caucasian female named Joanna Shropshire, and have willfully obstructed justice and tampered with a witness named James Kenneth Wolfson, in alleged criminal violation of Title 18 U.S.C. § 1512 during the course of this litigation.

All allegations of "fact" in all Plaintiff's filings to this Honorable Court have been true and correct, to the best of Affiant's knowledge and the limited records to which he has access, due to the willful fraud by the Justice Department for the past 23 months.

Plaintiff believes the Defendant's in this matter are aiding and abetting an organized R.I.C.O. Racketeering "mafia" operating in the North Texas area, led by an individual named Charles Sandoval and his co-conspirator, Keith Spckwell V.

All allegations of "fact" contained herein is true and correct, sworn to under penalty of law with Affiant's signature affixed, pursuant to Title 28 U.S.C. § 1746 and Fed.R.Civ.P. 56(e).

Dated: 4-26-06

_____ Declarant
Lester Jon Ruston

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was provided to the clerk of the court on this 2nd day of May, 2006 and to the Defendants at the address listed below, pursuant to Rule 5 Fed.R.Civ.P.

_____
Lester Jon Ruston