UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER JON RUSTON,　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　 )　　Civil Action No. 05-2314 (RMU)
　　　　　　　　　　　　　　　　 )
BUREAU OF ALCOHOL, TOBACCO,　　 )
　 FIREARMS AND EXPLOSIVES,　　 )
　　　　　　　　　　　　　　　　 )
　　　　Defendant.　　　　　　　 )
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ )

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

Plaintiff commenced this action pro se on November 18, 2005, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. III 2003), seeking the release of any records concerning a named person, Joanna Shropshire, that might be maintained by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). On April 19, 2006, defendant moved for summary judgment. On May 2, 2006, plaintiff filed a meritless opposition to defendant's motion for summary judgment, to which defendant now files this brief reply.

Based upon the previously filed Declaration of Averill P. Graham, Chief, Disclosure Division, ATF, United States Department of Justice, and the entire record herein, and for the reasons set forth below, defendant respectfully submits that plaintiff's arguments are wholly without legal merit and that defendant is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

- 2 -

<u>Argument</u>

Defendant has fully demonstrated that its refusal to confirm or deny the existence of criminal records that may be responsive to plaintiff's FOIA request -- otherwise known as a Glomar response -- was appropriate. (<u>See</u> Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment [hereinafter Defendant's Memorandum], filed April 19, 2006, at 7-12.) As with many of his past filings, "Plaintiff's Opposition to Defendants [sic] Motion for Summary Judgment" [hereinafter Plaintiff's Opposition] discusses various alleged criminal activities, conspiracy theories, and other events that have nothing whatever to do with this FOIA action. Only three points in Plaintiff's Opposition warrant discussion.

First, plaintiff asserts that the subject of his request "gave up any right to privacy when she filed false police reports on the Plaintiff." (Pl.'s Opp'n at 2.) But the only thing "false" here is plaintiff's contention. Plaintiff is essentially arguing that the stated subject of his request ostensibly lost all privacy rights by committing criminal acts -- specifically, by allegedly providing false information in a law enforcement context. Plaintiff does not demonstrate, however, how individuals who allegedly commit such criminal acts are somehow afforded different privacy rights than individuals who are the subject of law enforcement records for other reasons. Thus,

- 3 -

defendant's legal foundation concerning the protection of the
privacy interests of third parties mentioned in criminal files
continues to apply with equal force here.  (See Def.'s Mem. at 7-
12.)  Indeed, the United States Court of Appeals for the District
of Columbia Circuit has held that a Glomar response was
appropriate to protect the privacy interests of government
employees whom the requester alleged had presented false
information to the grand jury that indicted him.  See Beck v.
Dep't of Justice, 997 F.2d 1489, 1492-94 (D.C. Cir. 1993).
Surely the subject of plaintiff's request -- whom the parties now
agree is not, and has not been, an employee of defendant (see
Def.'s Mem. at 4; Pl.'s Opp'n at 1) -- has privacy rights at
least as significant as those of the government employees
protected in Beck.  See, e.g., Kimberlin v. Dep't of Justice, 139
F.3d 944, 949 (D.C. Cir. 1998) (noting that government employees
have a "'somewhat diminished' privacy interest" (quoting Quiñon
v. FBI, 86 F.3d 1222, 1230 (D.C. Cir. 1996))).  Even taking
plaintiff's allegations as true, as the case law demonstrates,
his argument that the subject of his request lost her privacy
rights by submitting false police reports is without legal merit.

     Second, plaintiff argues that "Public Interest [sic]
outweighs any claim of personal privacy."  (Pl.'s Opp'n at 3.)
Here, the relevant public interest is limited to the FOIA's basic
purpose of "shed[ding] light on an agency's performance of its

- 4 -

statutory duties." <u>U.S. Dep't of Justice v. Reporters Comm. for
Freedom of the Press</u>, 489 U.S. 749, 773 (1989).  In discussing
the public interest standard, the Supreme Court stated in <u>NARA v.
Favish</u>, 541 U.S. 157, 174 (2004), that

> where there is a privacy interest protected by
> Exemption 7(C) and the public interest being asserted
> is to show that responsible officials acted negligently
> or otherwise improperly in the performance of their
> duties, the requester must establish more than a bare
> suspicion in order to obtain disclosure.  Rather, the
> requester must produce evidence that would warrant
> belief by a reasonable person that the alleged
> Government impropriety might have occurred.

Only when a requester has met this evidentiary burden "will there
exist a counterweight on the FOIA scale for the court to balance
against the cognizable privacy interests in the requested
records." <u>Id</u>. at 174-75.

Plaintiff has utterly failed to meet the evidentiary burden
necessary to establish a viable public interest under <u>Favish</u>.
Although plaintiff makes various and sundry allegations regarding
criminal activity, very few actually relate directly to
defendant:  Plaintiff states that he believes defendant is
involved in "organized crime" (Pl.'s Opp'n at 1, 5); he finds
fault with defendant's alleged failure to contact the Federal
Bureau of Investigation regarding the subject of his FOIA request
(<u>see</u> <u>id.</u> at 3); he asserts that defendant has "suppressed
evidence" (although this "evidence" does not appear to directly
relate to plaintiff's FOIA request) (<u>id.</u> at 4); and he alleges

- 5 -

that defendant has "tampered with a witness named James Kenneth Wolfson . . . during the course of this litigation" (in a matter that is apparently totally extraneous to this action) (<u>id.</u> at 5). However, as <u>Favish</u> and other cases make clear, such bare assertions and speculation do not meet the evidentiary burden necessary to overcome the "presumption of legitimacy accorded to the Government's official conduct." <u>Favish</u>, 541 U.S. at 174-75 (citing <u>Dep't of State v. Ray</u>, 502 U.S. 164, 178-79 (1991)); <u>see also</u> <u>Oguaju v. United States</u>, 378 F.3d 1115, 1117 (D.C. Cir. 2004) (holding even a sworn affidavit alleging government misconduct insufficient to meet the evidentiary burden enunciated in <u>Favish</u>).  Given plaintiff's weak and confused allegations against defendant, defendant respectfully suggests that plaintiff comes nowhere close to meeting his threshold burden for establishing a valid public interest in his effort to overcome the privacy interests at stake here.

Finally, plaintiff claims that "[j]ustice requires the Defendants [sic] to disclose any records which they have regarding a person named Joanna Shropshire, in the interest of the 1st Amendment to the U.S. Constitution."[1]  (Pl.'s Opp'n at 3.)  Contrary to plaintiff's claim, the Supreme Court has held

---

[1] Plaintiff's Complaint does not mention the First Amendment (<u>see</u> Compl., filed Dec. 1, 2005, passim), and Plaintiff's Opposition is the first filing in this case in which plaintiff contends that the First Amendment affords him access to the requested records.

- 6 -

that the First Amendment does not grant a right of access to government records.  See, e.g., Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control.").  As with his other claims, plaintiff's argument in this respect is totally without merit.

<u>Conclusion</u>

For the foregoing reasons, and based on the entire record herein, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
(DC Bar #451058)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


_____/s/_____
Dated:  May 16, 2006       JOSHUA T. RAINES
                           Attorney-Advisor
                           Office of Information and Privacy
                           United States Department of Justice
                           1425 New York Ave., NW, Suite 11050
                           Washington, DC  20530-0001
                           (202) 307-3997