IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LESTER JON RUSTON, §
 Plaintiff, §
§
vs. § Civil Action No. 05-2314 (RMU)
§
BUREAU OF ALCOHOL, TOBACCO, FIREARMS §
 AND EXPLOSIVES, §
 Defendants, §

### PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Amended Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment on the grounds that there exists no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law. In support of this motion, the Court is respectfully referred to Plaintiff's attached Exhibit "A".

Plaintiff's Statement of Material Facts as to Which
There is not Genuine Issue, Pursuant to Local Civil Rule 7 (h)

1. Plaintiff has filed a request for information to the Bureau of Alcohol, Tobacco, Firearms and Explosives for information concerning a caucasian female named Joanna Shropshire, who engaged in criminal acts against the Plaintiff.

2. Defendants denied his request, and have allegedly obstructed justice in crimes committed by Joanna Shropshire and multiple other persons acting in concert with Shropshire.

3. That the Defendants filed a motion for summary judgment on or about April 19, 2006.

4. That the Defendants have refused to confirm or deny the existence of any criminal records on a Joanna Shropshire in their possession, or whether Joanna Shropshire worked in an "unofficial" capacity for Defendants, or as an "informant" for the Defendants.

ARGUMENT

Plaintiff argues that he has a right to Summary Judgment and to any records in the possession of the Defendant regarding a caucasian female named Joanna Shropshire, last known address 4804 Haverwood Lane #921, Dallas, Texas 75287 as a matter of law, pursuant to 18 U.S.C. §§ 3771 and 3521, see <u>DOJ v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989). Public interest favors the disclosure of these documents due to the expenditure of taxpayers funds obstructing justice in the crimes alleged against Shropshire against Plaintiff, see <u>Safecard Services v. SEC</u>, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

On or about July 12, 2006, the Office of Information and Privacy provided Plaintiff Exhibit "A" attached, and a document entitled "Department of Justice Freedom of Information Act Reference Guide". Contained in said guide is information regarding shedding light on the duties of the Defendant's, whom stated, in writing, their its statutory duties include....."and assists other law enforcement agencies in order to suppress violent crime and protect the public".....and......"The ATF removes violent offenders and criminal organizations from the community".

The Defendants have stated, on "public record", these are their "statutory duties", yet they are obstructing justice in this instant matter by failing to produce records regarding a person engaged, allegedly, in violent organizations. Plaintiff has a right to know what has happened to Joanna Shropshire, pursuant to 18 U.S.C. § 3771, yet the Defendants are obstructing this effort in this instant matter.

Upon information and belief, Joanna Shropshire is tied to the Dallas Office of the Defendant's, and their is evidence of such, i.e., wire communications, which Defendant's have suppressed in this matter. The "public interest" outweighs any "claimed" privacy concerns, and Plaintiff has had murder attempts made on multiple occasions, due to allegations against Shropshire. His right to these records is clearly established by 18 U.S.C. § 3771 and 3521.

Shropshire is alleged to have violated 18 U.S.C. §§ 1961 & 1962, with persons known and unknown to the Plaintiff, which is not the normal government operations of

the Defendant, see <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992). Defendant has clearly obstructed justice in this matter, and have suppressed "facts" to this Court, to obstruct justice. Plaintiff has sought "Special Counsel" for this purpose in this matter.

Wherefore, premises considered, Plaintiff, Lester Jon Ruston, does file this Amended Motion for Summary Judgment, and does move this Honorable Court to Grant this Motion, and issue all relief requested in this matter by Plaintiff. Movant reasserts all allegations of his June 19, 2006 Affidavit in support of these "facts" as if fully set forth below.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 9000
Seagoville, Texas 75159

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 21st day of September, 2006, with one copy provided to the defendant at address listed below, pursuant to Rule 5 Fed.R.Civ.P.

Lester Jon Ruston

Joshua T. Raines
Attorney - Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, D.C. 20530-0001

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*     *Washington, D.C. 20530*

Mr. Lester Jon Ruston            JUL 1 2 2006
No. 26834-177
Medical Center for Federal Prisoners
P.O. Box 4000                    Re:  OIP/06-R0758
Springfield, MO  65801-4000          MAP:CLM:UA

Dear Mr. Ruston:

    This responds to your letter dated May 21, 2006, and received in this Office on June 13, 2006, in which you requested state or federal government surveillance records pertaining to you. This response is made on behalf of the Office of Information and Privacy.

    As we advised you in our letter of June 29, 2006, the Office of Information and Privacy processes Freedom of Information Act and Privacy Act (FOIA/PA) requests for records it maintains as well as records maintained by the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs and adjudicates all appeals of denials of FOIA/PA requests made to the Department of Justice. This Office maintains administrative case files for the initial requests and appeals it processes. For your information, none of the senior leadership offices of the Department of Justice for which this Office processes FOIA and Privacy Act requests typically maintain records on individuals. Accordingly, this Office would not maintain the type of records you are seeking.

    Please be advised that the Department of Justice has a decentralized system for processing FOIA/PA requests and each component of the Department maintains its own records. The *Department of Justice Freedom of Information Act Reference Guide* which was provided to you in our letter of June 29, 2006 contains a listing of the Department of Justice components which should aid you in redirecting your request.

    You may write directly to the Department component(s) you believe have records pertaining to your request or you may submit your request to the FOIA/PA Mail Referral Unit, Justice Management Division, and that Office will forward your request to the component(s) it believes most likely to have the records you seek. The address for the FOIA/PA Mail Referral Unit is as follows:

        FOIA/PA Mail Referral Unit
        Justice Management Division
        United States Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, DC  20530-0001

-2-

Lastly, please be advised that the FOIA provides a right of access to federal agency records that exist and can be located in agency files and as such does not pertain to records maintained by the states. Accordingly, to the extent that you are seeking records maintained by any state, you must contact that state's government directly.

If you consider my response to be a denial of this request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director