**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                     |   |                  |              |
|-------------------------------------|---|------------------|--------------|
|                                     | : |                  |              |
| LESTER JON RUSTON,                  | : |                  |              |
|                                     | : |                  |              |
| Plaintiff,                          | : |                  |              |
|                                     | : |                  |              |
| v.                                  | : | Civil Action No.:| 05-2314 (RMU)|
|                                     | : |                  |              |
| BUREAU OF ALCOHOL, TOBACCO,         | : | Document Nos.:   | 26, 31       |
| FIREARMS and EXPLOSIVES,            | : |                  |              |
|                                     | : |                  |              |
| Defendant.                          | : |                  |              |

**MEMORANDUM  OPINION**

This matter is before the court on the defendant's motion for summary judgment.[1]  In this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action, the plaintiff seeks disclosure of the records pertaining to Joanna Shropshire, an employee at the defendant's Dallas office. Because the defendant's response to the FOIA request was proper, the court grants its motion for summary judgment.

**I.  BACKGROUND**

The plaintiff submitted a request for information to the Bureau of Alcohol, Tobacco, Firearms & Explosives ("BATFE") under FOIA.  Compl. ¶ 5.  Specifically, he sought:

> All official and unofficial records, documents, and/or data contained in the files of your agency with regards to an employee of the Bureau of Alcohol, Tobacco, Firearms & Explosives named Joanna Shropshire, who would have been employed at the Dallas Field Office, located at 1100 Commerce Street, Dallas, Texas 75242.

---

[1]    The court denies the plaintiff's Amended Motion for Summary Judgment [#31].  The motion fails substantively because it puts forth no pleadings, depositions, or affidavits showing that there are genuine issues of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Decl. of Averill Graham

("Graham Decl."), Ex. A (July 5, 2005 FOIA Request).  Relying on FOIA's Exemption 7(C),

BATFE refused to confirm or deny the existence of records pertaining to Shropshire.  *Id.*, Ex. C

(August 8, 2005 letter from J.M. Price regarding Request No. 05-1379).  On administrative

appeal, the Justice Department's Office of Information and Privacy ("OIP") affirmed the

BATFE's initial response to plaintiff's FOIA request.  *Id.*, Ex. F (September 26, 2005 letter from

R.J. Huff, Co-Director, OIP).  The plaintiff now brings suit in this court, seeking full disclosure

of all the requested records.  Compl. ¶ 9.


## II.  DISCUSSION

### A.  Summary Judgment Standard

The court grants a motion for summary judgment if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, show that there is no genuine

issue of material fact, and that the moving party is entitled to judgment as a matter of law.  FED.

R. CIV. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine

issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in

the moving party's affidavits may be accepted as true unless the opposing party submits his own

affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.

1992).

In a FOIA case, the court may grant summary judgment based on the information

provided in affidavits or declarations when the affidavits or declarations describe "the documents

and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

Case 1:05-cv-02314-RMU    Document 32    Filed 03/01/2007    Page 3 of 8

information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[2]  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## B.  BATFE's Response to the Plaintiff's FOIA Request

Generally, the FOIA requires a federal government agency to make its records available to the public, unless those records or portions of those records are protected from disclosure by a FOIA exemption.  5 U.S.C. §552(a).  In this case, the defendant claims that Exemption 7(C) protects the requested information from disclosure.

### 1.  Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes and that the

---

[2]        In support of its motion, the defendant submits the declaration of Averill P. Graham, Chief, Disclosure Division, BATFE.  Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Decl. of Averill Graham ("Graham Decl.") ¶ 1.  As Chief of the Disclosure Division, Graham is responsible for receiving and processing of all FOIA requests to BATFE, initiating searches for responsive records, supervising the determination to disclose or withhold records, and recording administrative appeals.  *Id.*  She makes the declaration on the basis of knowledge she acquired in the course of her official duties, and she is familiar with the handling of plaintiff's FOIA request.  *Id.* ¶¶ 2-3.

material satisfies the requirements of one of the subparts of Exemption 7.  *See Pratt v. Webster*,

673 F.2d 408, 413 (D.C. Cir. 1982).  In assessing whether records are compiled for law

enforcement purposes, the "focus is on how and under what circumstances the requested files

were compiled, and whether the files sought relate to anything that can fairly be characterized as

an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir.

2002) (citations and internal quotations omitted).

In this case, the plaintiff seeks both Shropshire's employment records and law

enforcement records.  BATFE's Human Resources Division confirmed that Shropshire "is not,

nor has ever been, employed by [BATFE]."  Graham Decl. ¶ 15.  Therefore,  BATFE staff

concluded that any responsive records likely would be in the agency's criminal and regulatory

enforcement records.[3]  *See id.* ¶¶ 17-18.

## 2. Records Pertaining to Third Parties

Exemption 7(C) protects from disclosure information in law enforcement records that

"could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5

U.S.C. § 552 (b)(7)(C).  In determining whether this exemption applies to particular material, the

court must balance the interest in privacy of the individual mentioned in the record against the

public's interest in disclosure.  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  It

is the "interest of the general public, and not that of the private litigant," that the court considers

in this analysis.  *Brown v. Fed. Bureau of Investigation*, 658 F.2d 71, 75 (2d Cir. 1981) (citing

---

[3]        Thus, BATFE bifurcated the plaintiff's FOIA request, refusing to confirm or deny the existence of law enforcement records pertaining to Shropshire.  *See Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 894-96 (D.C. Cir. 1995); *Grove v. Dep't of Justice*, 802 F. Supp. 506, 510-14 (D.D.C. 1992) (concluding that a Glomar response is proper with respect to criminal investigative records, but not to administrative personnel files).

*Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

The privacy interest of a third party whose name appears in criminal law enforcement records is well recognized.  *Neely v. Fed. Bureau of Investigation*, 208 F.3d 461, 464-66 (4th Cir. 2000) (explaining that third-party suspects have a "substantial interest" in nondisclosure of their identities and connection to particular investigation); *Fitzgibbon v. Central Intelligence Agency*, 911 F.2d 755, 767 (D.C. Cir. 1990) (stating that individuals have a strong interest "in not being associated unwarrantedly with alleged criminal activity").  In light of this privacy interest, an agency may refuse to confirm or deny the existence of law enforcement records related to a third-party.  Such a response by an agency is called a Glomar response,[4] and the agency uses it in circumstances under which the mere acknowledgment that the third party subject of a FOIA request is mentioned in law enforcement records "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C); *see Enzinna v. United States Dep't of Justice*, 1997 WL 404327, *2 (D.C. Cir. June 30, 1997) (ruling that the agency's refusal to confirm or deny the existence of responsive records was appropriate because acknowledging existence of records would associate witnesses with criminal investigation); *Burke v. United States Dep't of State*, No. 96-1739, 1999 WL 1032814, *5 (D.D.C. Sept. 30,

---

[4]      *See Phillippi v. Central Intelligence Agency*, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976), a case in which the CIA refused to confirm or deny existence of secret vessel, the "Glomar Explorer."

1999) (stating that an agency may provide a Glomar response "only to the extent necessary to protect the fact that an individual is mentioned in law-enforcement investigatory records").

It is BATFE's usual practice to provide a Glomar response to a FOIA request seeking law enforcement records of a third party.  Graham Decl. ¶ 20.  However, BATFE deems the third party's privacy interest lost or waived in the following circumstances: (1) when the subject of a request is deceased or has provided a notarized authorization (privacy waiver) allowing the release of information to the requester;[5] (2) when the Department of Justice officially has acknowledged the existence of relevant records; or (3) when the requester demonstrates a public interest that outweighs the third party's privacy interest.  *Id.* ¶ 21.

In this case, the plaintiff submitted neither proof of Shropshire's death nor a privacy waiver, and the Justice Department has not acknowledged the existence of any relevant records. *See* Graham Decl. ¶¶ 6, 21.  The plaintiff argues that the public interest in being "protected from organized crime, particularly when such crime involves the use of taxpayer[] funds, [] clearly demonstrates that the public's interest outweighs privacy interests."  Pl.'s Opp'n at 2.  According to the plaintiff, Shropshire committed various criminal acts, including stalking and conspiracy. *See* Compl. ¶ 7; Pl.'s Opp'n to Def.'s Mot. for Summ. J. (Pl.'s Opp'n") at 1-2;  Pl.'s Aff.  In addition, the plaintiff asserts that Shropshire "gave up any right to privacy when she filed false police reports on the Plaintiff."  Pl.'s Opp'n at 2.  None of these arguments are compelling.

The disclosure of the names of private individuals mentioned in law enforcement files serves a significant public interest only when "there is compelling evidence that the agency

---

[5]    A requester who seeks records about another individual generally must submit "either a written authorization signed by that individual permitting disclosure to [the requester] or proof that that individual is deceased."  28 C.F.R. § 16.3(a).

denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis,* 968 F.2d at 1282 (quoting *SafeCard Serv., Inc.*, 926 F.2d at 1205-06). A requester "must establish more than a bare suspicion" that government officials acted negligently or improperly. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). "Rather, [he] must produce evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred." *Id.*; *see Oguaju v. United States of America*, 378 F.3d 1115, 1117 (D.C. Cir. 2004) (stating that mere suspicion of wrongdoing is not sufficient to overcome the presumption that the government's action is legitimate), *cert. denied*, 544 U.S. 983 (2005). The plaintiff offers no evidence, compelling or otherwise, to establish BATFE's wrongdoing or to overcome the recognized privacy interests protected by Exemption 7(C).

The court accordingly concludes that BATFE's Glomar response is proper. "The mere mention of an individual's name in a [BATFE] record reflects that the person either came to the attention of [BATFE] or assisted [BATFE] during the course of its administration of" its law enforcement functions. Graham Decl. ¶ 20. Any acknowledgment of the existence of law enforcement records pertaining to Shropshire "would, in itself, be a violation of [her] personal privacy." *Id.*

### III.   CONCLUSION

Because the defendant met its obligations under FOIA, the court grants the defendant's

motion for summary judgment.  An order consistent with this Memorandum Opinion is

separately and contemporaneously issued this 1st day of March, 2007.


RICARDO M. URBINA
United States District Judge